HUGHES, J„
CONCURRING:
I concur. After this Court’s issuance of Tibbs v. Bunnell, 448 S.W.3d 796 (Ky.2014) and the Court of Appeals’ denial of a writ in this case, as Justice Keller notes, the *767 Department of Health and Human Services (HHS) issued a much-needed “Guidance Regarding Patient Safety Work Product and Providers’ External Obligations” (Guidance). In that May 24, 2016 document, HHS clarified that records, or copies of records, required of a provider “to meet any Federal, state, or local public health or health oversight requirement,” regardless of where maintained, are “original provider records” not subject to the privilege arising under the Patient Safety and Quality Improvement Act of 2006 (PSQIA). The Guidance answers the thorny question of what happens if a provider objects to production o n the grounds that certain documents reside only in their patient safety evaluation system created pursuant to PSQIA. I write separately simply to clarify my understanding as to how a document request should be handled in cases where the PSQIA is raised as a defense to production.
First, the trial court should determine whether any of the documents and reports requested (and, obviously, relevant to the case before it) qualify as “original provider records” under the above-cited Guidance definition regarding Federal, state, or local public health or health oversight requirements. Notably, HHS actually referenced a Kentucky administrative regulation as an example of a state mandating that a provider maintain a particular record, ie., an incident investigation report: “In Kentucky, hospitals are required to ‘establish[ ], maintain! ], and utilize [ ]’ administrative reports, including incident investigation reports, ‘to guide the operation, measure productivity, and reflect the programs of the facility.’ 902 KAR 20:016 Section 3(3)(a).” Guidance at n.3. To the extent any document or record is state-mandated or otherwise fits within the “original provider record” definition from the Guidance, the court should order its production. While there was some ambiguity prior to May 24, 2016, it is now clear that even if • that record is maintained solely in a patient safety evaluation system, an order of production is proper and the PSQIA poses no obstacle. Providers such as Baptist Health Richmond, Inc., undoubtedly recognize their so-called “external obligations,” as explained in the Guidance, and should have such records available for prompt production. Only if they have failed to fulfill those obligations, as Justice Keller notes, should the trial court proceed to an in camera review of the contents of the provider’s patient safety evaluation system.
Minton, C.J. and Wright, J., join.